FRUGÉ, Judge.
This action was filed by the plaintiff, Vincent Antoine, Sr., against Standand Life Insurance Company on an insurance policy issued by the defendant wherein it obligated itself to pay monthly car notes in the event the plaintiff should become disabled during the life of an installment contract entered into by the plaintiff. Judgment was rendered in favor of the plaintiff and the defendant has appealed. We affirm.
On May 23, 1973, the plaintiff bought a pick-up truck from Cagle Chevrolet in Lake Charles, financing the purchase through General Motors Acceptance Corporation. Simultaneously with this purchase and financing arrangement, he was issued an insurance policy by Standard Life Insurance Company, under which the latter obligated itself to pay the monthly car notes, in the sum of $143.86 per month, in the event the plaintiff should become disabled during the life of the installment contract.
Plaintiff was employed by McLean Trucking Company on the date of the purchase. He had worked as a mechanic for this same employer for a number of years prior to the date in question. From March 16 through May 15, 1973, he was off work due to retinal vein thrombosis and hypertension.
On February 1, 1973, the plaintiff had been examined by the company doctor in compliance with a policy of his employer that all employees be given physicals every two years. He passed this physical examination. On March 16, the plaintiff became ill and Dr. L. R. Futrell, his private physician, took him off work for two months to treat a retinal vein thrombosis involving the left eye, and hypertension. On May 15, 1973, Dr. Futrell released him and pronounced him able to return to work. The plaintiff did return to work and continued working until June 22, when he took his vaction. On that date he returned to see Dr. Futrell after his oculist discovered that the plaintiff had just recently suffered another thrombosis in another part of the left retina, causing additional damage. As a result of this subsequent thrombosis the plaintiff virtually lost the sight in his left eye and is presently disabled. He was pronounced disabled by the company physician on July 21. Benefits were paid by the defendant from June 22 through October 5, 1973. On this latter date benefits were discontinued.
The trial judge found in his written reasons for judgment that the plaintiff was found able to work by the company physician in February and again by his own physician in May of 1973. While he was able to work and actually working, the plaintiff purchased this policy. After- *869 wards he became disabled when his vision was again impaired by another thrombosis in a different part of the eye. This new thrombosis disabled him in the opinion of both the company physician and his private physician. With those facts before the court, the trial judge found that the plaintiff was entitled to the benefits of the policy provided by the defendant and granted judgment in his favor.
The defendant argues on appeal that the trial judge was manifestly erroneous in finding that the plaintiff had sustained his burden of proof that the conditions causing his disability came into existence after the effective date of the policy and in finding coverage under the policy. We disagree with the defendant’s contention. The evidence revealed that the disability resulted from the condition in the plaintiff’s eye resulting from the second thrombosis, which occurred subsequent to the date on which the policy was issued by the defendant.
The defendant next argues that the trial court erred in failing to apply the presumption that the medical testimony of Dr. Blocker, the oculist who discovered the thrombosis, would be unfavorable to the plaintiff since he did not call Dr. Blocker as a witness. However, there is sufficient evidence in the record, which was brought out by the extensive examination of Dr. Futrell by counsel and the court, to support the findings of the trial court with reference to the cause of the plaintiff’s disability and the time of its occurrence.
The final specification of error by the defendant in this case is that the trial judge failed to interpret the policy in accordance with its terms and conditions.
The insurance policy requires that the insured must become totally disabled during the term specified in the certificate issued to the insured, so that he is unable to perform any and every duty pertaining to his occupation as a result of bodily injuries sustained during said term.
The trial judge found, and the record adequately supports his finding, that prior to the issuance of the policy the plaintiff had been certified by two doctors as able to work. Thereafter he became disabled. Although the blindness in his left eye may have been the result of a predisposition to vein thrombosis damage, the court found that the blindness was actually the result of a totally new thrombosis in a different location in the retina, a hemorrhage that did not exist before the date the policy was issued. Therefore, we find that the trial judge was correct in determining that the policy terms and conditions had been met.
The plaintiff has answered the appeal asking this court to assess penalties and attorney’s fees against the defendant for discontinuing payments in contravention of R.S. 22 :657. The trial judge stated in his reasons for judgment that penalties and attorney’s fees should not be assessed under the facts of this case. We find no error in this determination.
For the reasons assigned the judgment of the trial judge is affirmed, and all costs are assessed against the defendant-appellant.
Affirmed.
CULPEPPER, J., dissents and assigns written reasons.